[No. 6407.    Decided December 19, 1906.]

# A. B. L. GELLERMANN, *Appellant*, v. ATLAS FOUNDRY & MACHINE COMPANY, *et al., Respondents.*[1]

CORPORATIONS—STOCK AND DIVIDENDS—BY-LAWS.    After a stockholder acquires stock in a corporation, the record of a by-law, providing for the payment of dividends upon all the stock, cannot be changed so as to deprive the stockholder of dividends on unpaid stock, although the change was to correct a clerical error in the record of the by-law as actually passed.

SAME—CONSTRUCTION OF BY-LAWS.    Under a by-law of a corporation authorizing the trustees at their discretion to declare dividends on paid up stock, and declaring that dividends accruing on unpaid stock shall be applied upon the unpaid subscription, dividends cannot be declared on the paid up stock only; but the holder of unpaid stock is entitled to an equal dividend to be applied on his unpaid subscription (ROOT, CROW, and HADLEY, JJ., dissenting.)

Appeal from a judgment of the superior court for Pierce county, Irwin, J., entered April 25, 1906, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action by a stockholder of a corporation to compel the issuance of a stock certificate, and for the allowance of dividends thereon.    Reversed.

*Walter Christian* and *Chas. T. Peterson,* for appellant, cited:   10 Cyc. 352; 9 Cyc. 577-584; *German Fire Ins. Co. v. Roost,* 55 Ohio St. 581, 45 N. E. 1097, 60 Am. St. 711, 36 L. R. A. 236; *Michaelis v. Woolf,* 136 Ill. 68, 26 N. E. 384; *Ullman v. Chicago etc. R. Co.,* 112 Wis. 150, 88 N. W. 41, 88 Am. St. 949, 56 L. R. A. 246; *Oakbank Oil Co. v. Crum,* L. R. 8 App. Cas. 65; *Jackson's Adm'r v. Newark Plankroad Co.,* 31 N. J. L. 279; *Ryder v. Alton etc. R. Co.,* 13 Ill. 521; *Hill v. Atkoa Coal & Min. Co.* (Mo.), 21 S. W. 508.

*J. W. Quick,* for respondents.

[1]Reported in 87 Pac. 1059.

Rudkin, J.—The Atlas Foundry & Machine Company was incorporated on the 6th day of February, 1903, with a capital stock of $11,000, divided into 1,100 shares of the par value of $10 each. Article VI of the by-laws of the company, as adopted on the 7th day of February, 1903, provides as follows:

"The trustees may, from time to time, at their discretion, declare dividends upon the paid up stock out of the net profits arising from the business of the company.

"The dividends accruing upon any stock that may have been subscribed for and not paid up, shall be applied upon such unpaid subscription."

G. R. Couls subscribed for 250 shares of the capital stock at the time of the organization of the company, 147 of which were not paid up. On January 2, 1904, Couls assigned to the plaintiff all his right, title and interest in or to the unpaid stock subscribed for, and at a meeting of the trustees held on the 6th day of January following, the transfer was approved and the plaintiff recognized as the holder of the unpaid stock subscribed by Couls. No certificate appears to have been issued for these 147 shares, but the plaintiff was at all times recognized as the holder thereof and the stock was voted by the plaintiff and other members of the corporation at all stockholders' meetings. In addition to the 147 shares of unpaid stock, the plaintiff is the owner of 78 shares of fully paid up stock, which he acquired from Couls at or about the same time. George C. Dupea owned 114 shares of paid up stock, and 61 shares on which the subscription had not been paid. The balance of the stock was subscribed and fully paid up. On the 5th day of January, 1905, the trustees declared a dividend of fifteen per cent on the paid up stock out of the net profits arising from the business of the company, and on January 2, 1906, a like dividend of sixty per cent was declared and paid. On neither occasion was any dividend applied on the unpaid stock subscribed for and held by the plaintiff. This action was brought to com-

pel the defendants to issue to the plaintiff a certificate for the 147 shares of stock, and to allow him credit on his subscription for the dividends which should have been applied thereon. The court below gave judgment for the defendants, from which the present appeal is prosecuted.

Two questions are presented by the appeal, first, a determination as to the provisions of the by-law which should govern the rights of the parties to this action; and second, the proper construction of such by-law. The respondents contend that Article VI of the by-laws of the company, as submitted to the stockholders for adoption at their first meeting, was as follows:

"The trustees may, from time to time, at their discretion, declare dividends out of the net profits arising from the business of the company.

"The dividends accruing upon any stock that may have been subscribed for and not paid up, shall be applied upon such unpaid subscription."

that before adoption the words "upon the paid up stock" were inserted in the first paragraph, after the word "dividends," and the second paragraph was stricken out; that the secretary inserted the words "upon the paid up stock" in the first paragraph, but neglected to strike out the second paragraph, and that a resolution was adopted by the stockholders on the 7th day of February, 1906, reciting this error in the by-laws as adopted, and correcting the article to read as originally agreed upon. At the time the appellant became a stockholder in the company, article VI of the by-laws read as set forth in the first part of this opinion, and a change made in the by-laws after the appellant became a stockholder and after the dividends in controversy here had accrued, even though made for the ostensible purpose of correcting a mistake, cannot affect the appellant's rights. This case must therefore be determined from a consideration of the by-law as it stood when the appellant became a stockholder and when the dividends were declared. It is contended that the

matter of declaring dividends was vested exclusively in the discretion of the trustees, but this construction entirely ignores the second subdivision of article VI of the by-laws. The by-law must be so construed as to give force and effect to each and every of its provisions, if possible, and this can only be done by holding that the matter of declaring dividends on the paid up stock out of the net profits of the business rests in the discretion of the trustees, but when such a dividend is declared on the paid up stock a like dividend to be applied on the unpaid subscription for stock not paid up accrues and follows as a matter of course. While the by-law is by no means free from ambiguity, this construction gives effect to all its provisions and works no injury to the stockholder who has paid his subscription in full. A stockholder is not in default upon his subscription until a call is made by the corporation, and the corporation is at liberty to call in the subscription at any time. If not paid on demand, the stock is subject to sale and forfeiture in such manner as may be provided in the by-laws. Bal. Code § 4262 (P. C. § 7064).

We are therefore of opinion that the appellant was entitled to a certificate for the 147 shares of stock and to a credit on the unpaid subscription in a sum equal to the dividends declared and paid on the paid up stock, as of the date of such dividends, and the judgment is reversed with direction to enter a decree accordingly.

Mount, C. J., Fullerton, and Dunbar, JJ., concur.

Root, J. (dissenting)—I dissent. It is admitted that at the time appellant purchased his stock, the by-laws provided that the trustees might "at their discretion, declare dividends upon the paid up stock." That is exactly what they did. Assuming that the second part of the by-law quoted was still in force, that was intended to apply (as it plainly says) when there were "dividends accruing upon any stock that may have been subscribed for and not paid up." In this instance, *there were no such dividends accruing.* If only a part of the net

profits had been applied as dividends upon the paid up stock and the balance declared as dividends upon *all* the stock or upon the unpaid stock, then there would have been occasion for the latter section of the by-law to apply; and, in such case, the "dividends accruing" upon the unpaid stock would be credited as payment *pro tanto* thereupon. The object of the latter portion of the by-law was to compel the subscriber for any unpaid stock to pay thereupon any "dividend accruing," instead of receiving the dividend in cash while his indebtedness to the company for the stock remained unpaid. It was not intended to modify the plain language, or defeat the manifest purpose, of the first clause of said by-law. The two paragraphs are, to my mind, in no sense inconsistent. Under the plain terms of that portion of the by-law relied on by appellant, he was entitled to no credit, until a dividend accrued. It did not accrue for the simple reason that the trustees under the full power expressly conferred by the first paragraph of the by-law, applied all of the net profits to the payment of dividends upon the paid up stock. Knowing at the time he bought his stock that the by-laws conferred this discretion and authority upon the trustees, appellant cannot be heard to complain of their said action.

CROW and HADLEY, JJ., concur with ROOT, J.